NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEHAN ZEB MIR, M.D., <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> TEN UNKNOWN FBI AGENTS, in Personal, Individual Capacities as Doe 1-10; et al., <br><br>       Defendants-Appellees. | No. 20-55739 <br><br> D.C. No. 2:16-cv-03664-JFW-PJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Jehan Zeb Mir, M.D. appeals pro se from the district court's judgment

dismissing his action brought under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging federal and state law

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Mir's action because Mir failed to allege facts sufficient to state a plausible claim. *See id.* at 341-42 (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged.").

The district court did not abuse its discretion by denying Mir's requests to take depositions before the parties conferred pursuant to Federal Rule of Civil Procedure 26(f). *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a trial court has broad discretion to permit or deny discovery); *see also* Fed. R. Civ. P. 26(d)(1) (a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

The district court did not abuse its discretion by denying Mir's motion to disqualify the magistrate judge because Mir failed to establish any ground for disqualification. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir.

2012) (setting forth standard of review and circumstances requiring disqualification).

We reject as without merit Mir's contention that the district court erred by not entering default judgment against certain defendants.

Averbuch and Lazimi Lock & Key's motion to take judicial notice is denied as unnecessary.

**AFFIRMED.**